The District of Columbia does not meet any of the three conditions for venue. First, the USPTO resides in the Eastern District of Virginia, where its principal office is located. See 35 U.S.C. § 1(b). See also In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C.Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); Boundy v. USPTO, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia"). Second, all of the events associated with Plaintiff's petition to reinstate his expired patent occurred at the USPTO's principal offices in Virginia. And third, Plaintiff resides in Pennsylvania. (See Compl.).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's complaint, or in the alternative, order Plaintiff to provide a more definite statement. The Court should also find that venue is improper in the District of Columbia and transfer this action, to the

---

statutes include 35 U.S.C. § 32 (granting jurisdiction for this Court with regard to hearing appeals of attorney discipline issued by the USPTO), 35 U.S.C. § 145 (granting jurisdiction in this Court to review a USPTO Board of Patent Appeals and Interferences decision), and 35 U.S.C. § 146 (granting jurisdiction in this Court in a USPTO patent interference when the adverse parties are from different States or the adverse party is from a foreign country). None of these provisions are implicated in this case.