# Exhibit 2



UNITED STATES PATENT AND TRADEMARK OFFICE

```
                                              COMMISSIONER FOR PATENTS
                                       UNITED STATES PATENT AND TRADEMARK OFFICE
                                                              P.O. Box 1450
                                                        ALEXANDRIA, VA 22313-1450
                                                              www.uspto.gov
```

Paper No. 15

MANNY D POKOTILOW
1635 MARKET ST
12TH FLOOR
PHILADELPHIA PA 19103

**COPY MAILED**

MAR 1 6 2004

**OFFICE OF PETITIONS**

In re Patent No. 5,481,890       :
Issue Date: January 9, 1996      :
Application No. 08/029,595       :   DECISION ON PETITION
Filed: March 11, 1993            :
Attorney Docket No. 5001         :
                                 :

This is a decision on the petition under 37 CFR 1.378(b), filed February 11, 2004 (Certificate of Mailing dated February 9, 2004), to accept the unavoidably delayed payment of a maintenance fee for the above-identified patent.

The petition under 37 CFR 1.378(b) is **DISMISSED**.

### Background

The above-identified patent issued on January 9, 1996. Accordingly, the first maintenance fee could have been timely paid during the period from January 9, 1999 through July 9, 1999, or with a late payment surcharge during the period from July 10, 1999 through January 9, 2000. No maintenance fee having been received, the patent expired on January 10, 2000.

A review of the petition reveals the following events giving arise to petitioner's assertion of unavoidable delay. After receiving the above-letters patent, attorney Maleson sent Millman a copy of the patent, together with a letter advising Millman of the requirement to pay maintenance fees. The letter reminded Millman that while Maleson would attempt to notify him when the first maintenance fee became due, it was Maleson's responsibility for being aware when maintenance fees were due.

Patent No. 5,481,890 Page 2

Maleson docketed the first maintenance fee, and prepared a letter for Millman or or about July 14, 1999, asking Millman whether or not he desired to pay the maintenance fee to keep the patent in effect. However, Maleson has no recall of whether or not the letter to Millman was ever sent. Millman states that he never received the letter.

After receiving no response from Millman, Maleson assumed that Millman had no intention of paying the maintenance fee. In or around October of 2000, Millman terminated his relationship with Maleson and requested that his files be returned to him. Upon receiving the files from Maleson, Millman placed them in storage. They remained in storage until October of 2003, at which time Millman contacted a new attorney about obtaining a different patent. At that time it was discovered that the instant patent had expired for failure to pay the maintenance fee.

**Relevant Statutes and Regulations**

35 U.S.C. §41(c)(1) states that:

> The Commissioner may accept the delayed payment of any maintenance fee required ... after the six month grace period if the delay is shown to the satisfaction of the Commissioner to have been unavoidable.

37 C.F.R. §1.378(b) provides that:

> Any petition to accept an unavoidably delayed payment of a maintenance fee must include:
>
> (1) The required maintenance fee set forth in §1.20(e) through (g);
>
> (2) The surcharge set forth in §1.20(i)(1); and
>
> (3) A showing that the delay was unavoidable since reasonable care was taken to ensure that the maintenance fee would be paid timely and that the petition was filed promptly after the patentee was notified of, or otherwise became aware of, the expiration of the patent. The showing must enumerate the steps taken to ensure timely payment of the maintenance fee, the date and the manner in which patentee became aware of the expiration of the patent, and the steps taken to file the petition promptly.

§1.378(b)(3) is at issue in this case. Acceptance of a late maintenance fee under the unavoidable delay standard is considered under the same standard for reviving an abandoned application under 35 U.S.C. 133. This is a very stringent standard. Decisions on reviving abandoned applications on the basis of "unavoidable" delay have adopted the reasonably prudent person standard in determining if the delay was unavoidable:

> The word 'unavoidable' ... is applicable to ordinary human affairs, and requires no more or greater care or diligence than is generally used and observed by prudent and careful men in relation to their most important business. In addition, decisions are made on a "case-by-case basis,

Patent No. 5,481,890                                                        Page 3

taking all the facts and circumstances into account." Smith, 671 F.2d at 538, 213 U.S.P.Q. at 982. Nonetheless, a petition cannot be granted where a petitioner has failed to meet his or her burden of establishing that the delay was "unavoidable." Haines, 673 F. Supp. at 316-17, 5 U.S.P.Q.2d at 1131-32.

Moreover, delay resulting from the lack of knowledge or improper application of the patent statutes, rules of practice or the Manual of Patent Examining Procedure, however, does not constitute "unavoidable" delay.

**Analysis**:

Notice of the maintenance fee schedule is given to all patentees on the front inside cover of the letters patent. The petition discloses that Millman was presented with his copy of the letters patent, as well as a letter informing him of his responsibility to pay the maintenance fees. Therefore, a prudent and careful man in relation to his most important business is expected to know the schedule for paying maintenance fees.

### CONCLUSION

Any request for reconsideration of this decision must be filed within **TWO MONTHS** of the mailing date of this decision. Any such petition for reconsideration must be accompanied by the $130 petition fee set forth in §1.17(h). After decision on the petition for reconsideration, no further reconsideration or review of the matter will be undertaken by the Commissioner. Accordingly, on request for reconsideration, it is extremely important that petitioner supply **any** and **all** relevant information and documentation in order to meet his burden of showing unavoidable delay. This includes statements by all persons with direct knowledge of the cause of the delay, setting forth the facts as they know them.

As petitioner has not presented a grantable petition, the maintenance fee and the surcharge have not been charged.

Further correspondence with respect to this matter should be addressed as follows:

By mail:     Mail Stop Petitions
             Commissioner for Patents
             P.O. Box 1450
             Alexandria VA 22313-1450

By FAX:      (703) 872-9306
             Attn: Office of Petitions

Telephone inquiries concerning this communication should be directed to the undersigned at (703) 305-0272.

*[signature]*

Cliff Congo
Petitions Attorney
Office of Petitions