UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN A. MILLMAN           ) | |
|         Plaintiff,              ) | |
| v.                                                    ) | Civil Action No. 05-1827 (RBW) |
| UNITED STATES PATENT AND ) | |
| TRADEMARK OFFICE,          ) | |
|         Defendant.             ) | |

### DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT, AND FOR TRANSFER

Pursuant to Rules 8(a), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant United States Patent and Trademark Office ("USPTO" or "Defendant") moves this Court to dismiss the complaint in this matter or, in the alternative, to order Plaintiff to restate his complaint in a form that will permit a responsive pleading. Defendant further moves, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to transfer venue to the U.S. District Court for the Eastern District of Virginia.

As more fully described in the accompanying memorandum, Plaintiff's complaint makes no attempt to explain why he should prevail or even whether he should prevail. The skeletal character of the complaint fails to satisfy Rule 8(a) of the Federal Rules of Civil Procedure and precludes the USPTO from framing a responsive pleading. Therefore, the complaint should be dismissed. If not dismissed, Plaintiff should be ordered to provide a more definite statement, asserting at least some recognized legal theory or allegation of wrongdoing on which his request is based.

Additionally, venue is not appropriate in this Court. Accordingly, this Court should transfer this case under 28 U.S.C. § 1406(a) to the Eastern District of Virginia in view of the USPTO residing in that judicial district.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney


_____  _____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney


_____
KATHLEEN KONOPKA
Assistant United States Attorney
202/616-5309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN A. MILLMAN | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 05-1827 (RBW) |
| UNITED STATES PATENT AND TRADEMARK OFFICE, | ) |
|       Defendant. | ) |

**MEMORANDUM IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT, AND FOR CHANGE OF VENUE**

Pursuant to Rules 8(a), 12(b)(3), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant submits the following memorandum in support of its motion to dismiss, or in the alternative for a more definite statement, and to transfer venue.

### BACKGROUND

On January 9, 1996, the USPTO issued patent number 5,481,890 to Plaintiff. (Exhibit 2 at 1). At that time, Plaintiff's patent attorney provided Plaintiff with a letter setting forth the requirement to pay maintenance fees on the patent and informing Plaintiff that, while the attorney would attempt to remind Plaintiff when the first fee came due, it was Plaintiff's responsibility to be aware of the fee schedule. (Exhibit 1 Maleson Decl. at ¶ 3; Exhibit 3 at 2). Plaintiff failed to timely pay the required maintenance fee due by July 9, 1999, or to pay the fee and a late surcharge by January 9, 2000. (Exhibit 2 at 1). Thus, pursuant to regulation, Plaintiff's patent expired on January 10, 2000. (Id.).

Four years later, on February 11, 2004, Plaintiff petitioned the Director (then "Commissioner") of the USPTO ("Director") to accept late payment of the maintenance

fee and to reinstate his patent. (Id.; see Exhibit 1)  As grounds for his petition, Plaintiff alleged that he had been "unavoidably delayed" in making the required payment because he had not received his attorney's reminder regarding the fee. (Exhibit 1 at 7-8; Exhibit 2 at 1-2).  According to Plaintiff, he severed his relationship with his attorney in October 2000, and placed his files regarding this patent in storage. (Exhibit 1 at 5).  He allegedly only realized the error regarding the maintenance fee and that the patent had expired after he retrieved those files from storage in October 2003, for the purpose of contacting a new attorney about a different patent. (Id.).  USPTO denied Plaintiff's petition, finding that he had failed to establish that his four-year delay in paying the maintenance fee was unavoidable.  (Exhibit 2 at 3).

On October 13, 2004, Plaintiff sought reconsideration of this denial.  (Exhibit 3 at 1).  On August 16, 2005, the USPTO notified Plaintiff that his petition for reconsideration was denied and that the decision was a final agency action within the meaning of 5 U.S.C. § 704 for purposes of seeking judicial review.  (Id.).

Plaintiff filed the present action on September 14, 2005.  Plaintiff's complaint asserts no error or other impropriety in the USPTO's decisions, but rather merely indicates that he is "petition[ing] the court for review." (Complaint "Compl.")

## ARGUMENT

Plaintiff apparently seeks judicial review of the USPTO's final disposition on his petition to reinstate his expired patent.  However, the Complaint as currently drafted lacks any cognizable claim for relief, disables the USPTO from framing a responsive pleading, and was filed in the wrong court.

**I.      Plaintiff fails to state a claim upon which relief can be granted**

   **A.      The Complaint fails to satisfy Fed. R. Civ. Pro. 8(a)**

Plaintiff appears to have misunderstood or is unaware of the minimum requirements of modern notice pleading rules.  The complaint consists of a single sentence, requesting only that this Court review the USPTO's decision denying Plaintiff's petition.  Plaintiff makes no attempt to allege any errors in the USPTO's action.  Nor does Plaintiff state why he is entitled to relief or even what relief he seeks.

The complaint thus fails to satisfy the requirement of "a short and plain statement of the claim <u>showing that the pleader is entitled to relief</u>."  Fed. R. Civ. P. 8(a)(2) (emphasis added).

> Liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader.  If it fails to do so, a motion under Rule 12(b)(6) will be granted.

2 Moore's Federal Practice § 12.34[1][b] (3d ed. 2002) (<u>citing</u> <u>Wilson v. Civil Town of Clayton</u>, 839 F.2d 375, 378 (7th Cir. 1988)).  Plaintiff's failure to set forth any theory of recovery in his complaint makes this action properly subject to dismissal.  <u>See</u> <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995) (dismissal is appropriate if the complaint fails to set forth any required element necessary to obtain relief).

In addition to omitting any theory of recovery, the complaint fails to even identify what relief is sought.  Although an improper demand for relief will not itself warrant dismissal, <u>see</u> <u>Bontkowski v. Smith</u>, 305 F.3d 757, 762 (7th Cir. 2002), modern notice pleading requirements are not illusory.  <u>Seven Words v. Network Solutions</u>, 260 F.3d 1089, 1098 (9th Cir. 2001).  The short and plain statement required by Rule 8(a)(2) must

3

be sufficient to "give the defendant fair notice of <u>what the plaintiff's claim is</u> and the grounds upon which it rests." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002) (emphasis added). Permitting a generic demand for relief to satisfy the principles of notice pleading would "undermine the intent of the civil rules and prejudice the opposing party." <u>Seven Words</u>, 260 F.3d at 1098. Here, Plaintiff's demand states only that he seeks review of a USPTO final decision. This generic demand provides absolutely no notice of what Plaintiff's claim is, and thereby prejudices the USPTO from framing a meaningful response. The complaint in this case asserts no theory of recovery, states no identifiable claim for relief, and should be dismissed pursuant to Rule 12(b)(6).

      **B.**      **Alternatively, the USPTO is entitled to a more definite statement**

Even if this Court were to construe Plaintiff's vague single-sentence complaint as asserting a valid claim, the USPTO is still unable, with reasonable effort, to draft a responsive pleading. Thus, an order requiring Plaintiff to provide a more definite statement is appropriate.

This Court has stated that it "will grant relief pursuant to Rule 12(e) where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a response." <u>Hilska v. Jones</u>, 217 F.R.D. 16, 22 (D.D.C. 2003) (internal quotations omitted). Granting a motion for a more definite statement can remedy the complaint's deficiencies while avoiding the more drastic result of dismissal. <u>Id</u>. at 25. Although Rule 12(e) motions are disfavored where the omitted information can be unearthed through discovery, <u>id.</u> at 21, they are particularly suitable where the plaintiff is proceeding *pro se* and the defendant cannot identify the claims at issue for discovery. <u>Id</u>. at 25. A more definite statement of the claim is thus an appropriate remedy where the

4

complaint is unintelligible to the point that a defending party would be unable to frame a responsive pleading.  See Anderson v. District Bd. of Trustees, 77 F.3d 364, 367 (11th Cir. 1996); Lewis v. Textron Automotive Co., 935 F.Supp. 68, 71 (D.N.H. 1996).

The complaint in this case meets this standard.  The *pro se* Plaintiff fails to identify any cognizable theory of recovery, fails to assert any wrongdoing by the USPTO, and fails to identify what relief is ultimately sought.  As such, the USPTO cannot identify the claims at issue.  Discovery would not be helpful in acquiring the threshold understanding of what Plaintiff is alleging was improper in the administrative proceeding and how he wants the Court to remedy any alleged error.  Thus, this Court, absent dismissal, should order Plaintiff to provide a more definite statement.

## II.    Venue is not appropriate in this Court

It is well established that Plaintiff bears the burden of showing that the court he has chosen constitutes the proper venue for his action.  See, e.g., Freeman v. Fallin, 254 F. Supp.2d 52, 56 (D.D.C. 2003).  Existing law does not permit venue in the District of Columbia for this matter.  Specifically:

> A civil action in which a defendant is . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Section 1391(e) thus provides that this action may be brought only where: (1) the USPTO resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides.[1]

---

[1] Section 1391(e) does permit another venue (or jurisdiction) provision to control if it is "otherwise provided by law." 28 U.S.C. § 1391(e). Examples of such other specific

5

The District of Columbia does not meet any of the three conditions for venue. First, the USPTO resides in the Eastern District of Virginia, where its principal office is located.  See 35 U.S.C. § 1(b). See also In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C.Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); Boundy v. USPTO, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia").  Second, all of the events associated with Plaintiff's petition to reinstate his expired patent occurred at the USPTO's principal offices in Virginia.  And third, Plaintiff resides in Pennsylvania.  (See Compl.).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's complaint, or in the alternative, order Plaintiff to provide a more definite statement.  The Court should also find that venue is improper in the District of Columbia and transfer this action, to the

---

statutes include 35 U.S.C. § 32 (granting jurisdiction for this Court with regard to hearing appeals of attorney discipline issued by the USPTO), 35 U.S.C. § 145 (granting jurisdiction in this Court to review a USPTO Board of Patent Appeals and Interferences decision), and 35 U.S.C. § 146 (granting jurisdiction in this Court in a USPTO patent interference when the adverse parties are from different States or the adverse party is from a foreign country).  None of these provisions are implicated in this case.

6

extent that it is sustained, to the United States District Court for the Eastern District of Virginia.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney


_____
KATHLEEN KONOPKA
Assistant United States Attorney
202/616-5309

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Motion to Dismiss, or in the Alternative for a More Definite Statement, and For Change of Venue has been made by mailing a copy thereof to:

NORMAN A. MILLMAN
Trans-Atlantic Company
440 Fairmont Avenue
P.O. Box 37006
Philadelphia, PA 19123

on this ____day of November, 2005__

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309