UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN A. MILLMAN )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 05-1827 (RBW) |

**DEFENDANT'S RENEWED MOTION TO DISMISS, OR IN THE
ALTERNATIVE FOR TRANSFER**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant United States Patent and Trademark Office ("USPTO" or "Defendant") renews its motion to dismiss the complaint in this matter or, in the alternative, to transfer the case to the U.S. District Court for the Eastern District of Virginia. In support of this motion, Defendant relies on the following points and authorities.

On September 14, 2005, Plaintiff commenced the instant action by filing a single sentence complaint that failed to satisfy Rule 8(a) of the Federal Rules of Civil Procedure and precluded the USPTO from framing a responsive pleading. (Docket #1). Moreover, Plaintiff filed this complaint in the wrong court as venue for this suit does not lie in the District of Columbia. Thus, on November 28, 2005, Defendant filed its original Motion to Dismiss, or in the Alternative for a More Definite Statement, and to Transfer. (Docket #5).

Although Plaintiff has not formally responded to Defendant's motion, on December 12, 2005, he filed an amended complaint. (Docket #6). This amended complaint more fully sets forth Plaintiff's claims. However, despite admission by Plaintiff that he resides in Pennsylvania and Defendant is located in Alexandria, Virginia,

(Docket #6 at ¶ 2-3), Plaintiff has continued to file in the improper venue. Accordingly, this Court should dismiss the instant action, or, in the alternative, should transfer the case under 28 U.S.C. § 1406(a) to the Eastern District of Virginia.

It is well established that Plaintiff bears the burden of showing that the court that he has chosen constitutes the proper venue for his action. See, e.g., Freeman v. Fallin, 254 F. Supp.2d 52, 56 (D.D.C. 2003). Existing law does not permit venue in the District of Columbia for this matter. Specifically:

> A civil action in which a defendant is . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Section 1391(e) thus provides that this action may be brought only where: (1) the USPTO resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides.[1]

The District of Columbia does not meet any of the three conditions for venue. First, the USPTO resides in the Eastern District of Virginia, where its principal office is located. See 35 U.S.C. § 1(b). See also In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C.Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's

---

[1] Section 1391(e) does permit another venue (or jurisdiction) provision to control if it is "otherwise provided by law." 28 U.S.C. § 1391(e). Examples of such other specific statutes include 35 U.S.C. § 32 (granting jurisdiction for this Court with regard to hearing appeals of attorney discipline issued by the USPTO), 35 U.S.C. § 145 (granting jurisdiction in this Court to review a USPTO Board of Patent Appeals and Interferences decision), and 35 U.S.C. § 146 (granting jurisdiction in this Court in a USPTO patent interference when the adverse parties are from different States or the adverse party is from a foreign country). None of these provisions are implicated in this case.

principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); Boundy v. USPTO, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia"). Second, all of the events associated with Plaintiff's petition to reinstate his expired patent occurred at the USPTO's principal offices in Virginia. And third, Plaintiff resides in Pennsylvania.

Thus, while Plaintiff has now filed a complaint to which a responsive pleading is possible, he has again filed in the wrong court. Therefore, this Court should either dismiss the action with leave for Plaintiff to refile in the proper venue, or transfer this action to the United States District Court for the Eastern District of Virginia.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney
202/616-5309

CERTIFICATE OF SERVICE

3

I HEREBY CERTIFY that service of the foregoing Renewed Motion Dismiss, or in the Alternative to Transfer has been made by mailing a copy thereof to:

NORMAN A. MILLMAN
Trans-Atlantic Company
440 Fairmont Avenue
P.O. Box 37006
Philadelphia, PA 19123

on this \_\_\_\_day of January, 2006.

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309